In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00158-CR
______________________________


BRIAN JOE BAKER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 05-0144X


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            On New Year's Eve 2004, after a day of horseback riding with thirty-year-old Brian Joe
Baker, fourteen-year-old B.C., along with her cousin S.M., joined Baker at a campfire he had built
in the woods behind his house. According to B.C.'s trial testimony, later in the evening, as S.M.
appeared to sleep, Baker digitally penetrated B.C.'s vagina.



            Baker was convicted by a jury of aggravated sexual assault of a child and was sentenced to
forty-seven years' imprisonment. We affirm the judgment of the trial court because, responsive to
Baker's three points of error, we hold (1) Baker preserved no error regarding the State's alleged
comments on Baker's failure to testify at trial, (2) the trial court did not abuse its discretion in
excluding evidence concerning B.C.'s emotional stability, and (3) no ineffective assistance of counsel
was shown.
(1)       Baker Preserved No Error Regarding the State's Alleged Comments on Baker's Failure To
Testify at Trial

            At trial, Baker's counsel suggested that the girls were lying. The State repeatedly responded
to that suggestion by arguing that there was nothing controverting their testimony. Baker argues that,
because he was the only person who could have controverted the girls' testimony—the three
individuals being the only ones present—the State's comments were necessarily a comment on
Baker's failure to testify. Baker made no objection to these comments.
 
            During the guilt/innocence phase of trial, the prosecutor made the following arguably relevant
comments:
Yesterday in voir dire, Mr. Jones said the girls were lying, but there weren't [sic]
anybody up here, you know, to say they were liars. There wasn't anybody
controverting that testimony.
 
To say something [referring to being able to get hands inside tight hiphugger jeans
without removing or lowering them] is physically impossible isn't enough. There
should have been testimony to that. There should have been evidence to that effect
that this was a physical impossibility.
 
You don't have anything controverting any of these elements, folks. 
 
[We] may never know why these girls made that up. Well, maybe, maybe, maybe. 
All this testimony, all this evidence before you, uncontroverted evidence, everything
points to one thing. Everything . . . Because there is nothing that controverts it, other
than [defense counsel] saying she lied, she lied. 

During the punishment phase of trial, this comment was made by the State:
When someone wants to ask you for mercy, it comes a little easier for you to accept
that plea for mercy if first they take responsibility for their actions. And that did not
happen. 

            Prosecutorial comment that refers to an accused's failure to testify violates the accused's Fifth
Amendment right against compelled self-incrimination. See Griffin v. California, 380 U.S. 609
(1965); Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). The comment must
clearly refer to the accused's failure to testify, and it is not sufficient that the comment might be
construed as an implied or indirect allusion. Bustamante, 48 S.W.3d at 765. The test is whether the
prosecutor manifestly intended his language to be such a comment, or whether the language was of
such a character that the jury would necessarily and naturally take it as a comment on the defendant's
failure to testify. Id.; Canales v. State, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003). Such a
comment also violates a mandatory statute. Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005);
Montoya v. State, 744 S.W.2d 15, 34 (Tex. Crim. App. 1987). Similarly, in order to constitute a
violation of Article 38.08, prohibiting comments on the defendant's failure to testify, the language
used must be either manifestly intended, or of such character that the jury would naturally and
necessarily take it to be a comment on the defendant's failure to testify. Cockerham v. State, 729
S.W.2d 742, 746 (Tex. Crim. App. 1987).
            But, as with nearly all claims of error, when there is no objection to argument, this type of
complaint is not preserved for appellate review. Tex. R. App. P. 33.1; see Wead v. State, 129 S.W.3d
126, 130 (Tex. Crim. App. 2004); Berrett v. State, 152 S.W.3d 600, 603 (Tex. App.—Houston [1st
Dist.] 2004, pet. ref'd). Accordingly, we do not address the argument on its merits.
            Counsel argues that these arguments are of such import that we should apply Rule 2 of the
Texas Rules of Appellate Procedure to suspend the application of appellate Rule 33.1. See Tex. R.
App. P. 2, 33.1. Such arguments have been addressed and decided by the courts of Texas in
requiring an objection to preserve various types of complaints, and we see nothing in this record that
requires a different result. See generally Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App.
1993).


 We overrule Baker's first point of error.
(2)       The Trial Court Did Not Abuse Its Discretion in Excluding Evidence Concerning B.C.'s
Emotional Stability
            Baker next contends that the trial court erred by refusing to permit him to introduce evidence
about B.C.'s state of mind. Specifically, Baker sought to introduce evidence for the stated purpose
of showing that B.C. was a troubled teen falsifying this charge to get attention from her mother. He
sought to do so by the mother's testimony acknowledging that B.C. had been in rehabilitation
programs away from home for two years, that B.C. did not want to follow the mother's rules once
she returned, that her father had been absent for a year, and that, after the mother returned, she had
become concerned for B.C.'s mental health and taken her to an emergency room and from there to
a mental health facility. This occurred about five weeks before the date of the Baker incident, and
there was testimony that the facility personnel wanted to put B.C. on antidepressants and that B.C.'s
mother had fears of B.C.'s possible suicidal behavior.
            The court found that the evidence was not relevant—that it did not show a motive to lie, or
show bias or prejudice. Baker argues that it was, in fact, the keystone of his defensive theory, and
that, without the evidence, he had nothing but speculation available.
            Rules 401 and 402 of the Texas Rules of Evidence permit the admission of evidence only if
it is relevant—that is, if it tends to make the existence of a material fact more or less probable than
it would be without the evidence. Tex. R. Evid. 401, 402. Evidence tending to affect the
probability of truth or falsity of a fact in issue is necessarily logically relevant. Banda v. State, 890
S.W.2d 42 (Tex. Crim. App. 1994). We review the trial court's decision to admit or exclude
evidence under an abuse of discretion standard. See Green v. State, 934 S.W.2d 92, 101–02 (Tex.
Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990). We will
not reverse a trial court whose ruling was within the "zone of reasonable disagreement." Green, 934
S.W.2d at 102; Montgomery, 810 S.W.2d at 391.
            The proffered evidence shows that B.C. exhibited some degree of emotional instability and
was not a particularly obedient teen. The question, however, as set out by the trial objection and the
point of error, is whether the trial court erred in concluding that the proffered evidence was not
relevant.


 The evidence does not reflect a tendency to lie. We believe that the stretch here between
showing B.C. to be emotionally unstable and tending to establish that she was lying to obtain
maternal attention is simply too great. We find the degree of possible relevance of the evidence as
presented to be so low as to be within the "zone of reasonable disagreement," and we thus decline
the invitation to find that the trial court abused its discretion by excluding the testimony. We
overrule this point of error.
(3)       No Ineffective Assistance of Counsel Was Shown
            Baker finally contends he received constitutionally ineffective assistance of counsel because
his trial attorney did not object to the prosecutor's arguments purportedly commenting on Baker's
failure to testify. The standard of testing claims of ineffective assistance of counsel is set out in
Strickland v. Washington, 466 U.S. 668 (1984). To prevail on this claim, an appellant must prove
by a preponderance of the evidence (1) that his or her counsel's representation fell below an objective
standard of reasonableness and (2) that the deficient performance prejudiced the defense. Id.;
Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, an appellant
must prove that his or her attorney's representation fell below the standard of prevailing professional
norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of
the trial would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). 
Under this standard, a claimant must prove that counsel's representation so undermined the proper
functioning of the adversarial process that the trial cannot be relied on as having produced a just
result. Strickland, 466 U.S. at 686.
            The allegedly offending arguments from the State do not directly address Baker's failure to
testify. Our review of them does not reveal that the arguments were such that the jury would
necessarily and naturally take them as comments on Baker's failure to testify—with the exception
of the comment made during the punishment phase. That comment was necessarily pointed purely
at the defendant's failure to "own up" to his crime—with the State taking the position that, because
he had failed to do so, he was not likely to be rehabilitated to any extent.
            Under normal circumstances, the record on direct appeal will not be sufficient to show that
counsel's representation was so deficient and so lacking in tactical or strategic decision-making as
to overcome the presumption that counsel's conduct was reasonable and professional. Mallett v.
State, 65 S.W.3d 59, 65 (Tex. Crim. App. 2001). In addressing this reality, the Texas Court of
Criminal Appeals has explained that appellate courts can rarely decide the issue of ineffective
assistance of counsel because the record almost never speaks to the strategic reasons that trial
counsel may have considered. The proper procedure for raising this claim is therefore almost always
by application for writ of habeas corpus. Freeman v. State, 125 S.W.3d 505, 506 (Tex. Crim. App. 
2003); Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003). Although some claims may
be disposed of on direct appeal where "trial counsel's ineffectiveness is so apparent from the record."
Massaro v. United States, 538 U.S. 500, 505 (2003); Freeman, 125 S.W.3d at 506. It appears from
the Texas Court of Criminal Appeals' statements that such situations are quite rare. See Freeman,
125 S.W.3d at 506.
 
 
 
 
            In this case, the record does not reveal the reasons for counsel's decision not to object to the
argument. We, therefore, decline to determine this matter on direct appeal. We overrule this point
of error and affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 1, 2006
Date Decided:             May 18, 2006

Do Not Publish